IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | No. 3:21-CR-102-KAC-DCP |
| JERRY WAYNE RANDALL, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial and All Other Dates [Doc. 14], filed on September 22, 2021. The Defendant asks the Court to continue the November 9, 2021 trial date, because counsel needs additional time to complete his investigation of the case and advise Defendant of the best resolution. The motion relates that the Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of February 1, 2022.

The Court finds Defendant Randall's motion to continue the trial and pretrial deadlines is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs additional time to investigate the underlying facts and to confer with Defendant Randall on the

resolution of the case and on trial preparation. The Court finds these trial preparations cannot be concluded by the November 9 trial date or in less than three months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and pretrial deadlines [**Doc. 14**] is **GRANTED**. The trial of this case is reset to **February 1, 2022**. The Court finds that all the time between the filing of the motion on September 22, 2021, and the new trial date of February 1, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial and All Other Dates [**Doc. 14**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 1, 2022**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **September 22, 2021**, and the new trial date of **February 1, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **November 22, 2021**. Responses to motions are due on or before **December 6, 2021**;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 3, 2022**;

(6) The deadline for filing motions *in limine* is **January 18, 2022**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **January 18, 2022, at 10:30 a.m.**; and

2

Case 3:21-cr-00102-KAC-DCP   Document 15   Filed 11/02/21   Page 2 of 3   PageID #: 37

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **January 21, 2022**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge